FILED

UNITED STATES DISTRICT COURT JUN 18 PM 1:52
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 3:08-CV-

ANNIE LAVERNE SAMPSELL,

      Plaintiff,

vs.

MERCK & CO., INC., a foreign
corporation,

      Defendant.

_____/

## **COMPLAINT**

### **COUNT I**
### **I. INTRODUCTION**

1. The drug, FOSAMAX, was and is produced and marketed by Merck & Co., Inc.. The drug, FOSAMAX, has an effect of precipitation and creation of conditions which cause osteonecrosis of the jaw, mandible or maxible bone among patients taking this drug. Osteonecrosis is bone death resulting from poor blood supply to the area of the bone. Osteonecrosis of the jaw is a disfiguring and extremely painful condition and can result in the complete loss of the patient's jaw. Ms. Sampsell was prescribed FOSAMAX by her doctor, she purchased and took FOSAMAX for approximately one year and until February, 2004.

## II. **PARTIES**

a.  Plaintiff: Annie Sampsell is a citizen and resident of the State of Florida residing in Putnam County, Florida.  She was prescribed FOSAMAX beginning in 2003 and until February 4, 2004.

b.  Defendant: Defendant, Merck & Co., Inc. is a Delaware corporation with its principal place of business located at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey 08889-0100.  Merck is in the business of manufacturing, marketing, distributing, promoting, testing, labeling and selling FOSAMAX throughout the world including all 50 states in the United States.

## III. **JURISDICTION AND VENUE**

a.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity jurisdiction) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs and because this is an action by an individual Plaintiff who is a citizen of a different state from the Defendant.  Venue is proper in this district because 28 U.S.C. §1391(a) and 1391 because Plaintiff purchased and consumed FOSAMAX in the Middle District of Florida.

## IV. **FACTUAL BACKGROUND**

a.  FOSAMAX (alendronate sodium) is a biphosphonate used to treat

osteoporosis (thin bones). It is a medicine prescribed and sold for the prevention of osteoporosis in post menopausal women,in men with osteoporosis, for men and women with low bone mass who take Glucocorticoids and for the treatment of Paget's disease of bone in both men and women.

b. FOSAMAX was approved by the United States Food and Drug Administration and was marketed by Merck & Co., Inc. for the uses for which it has been alleged.

c. Plaintiff, ANNIE SAMPSELL, was prescribed FOSAMAX in the course of medical treatment and as a result of using this drug has osteonecrosis of the jaw and has suffered severe pain and discomfort, has exposed dead bone in her jaw and has suffered disfiguration and other harm by her development of osteonecrosis of the jaw. As a result of the osteonecrosis, Ms. Sampsell suffers significant pain, difficulty ingesting food normally, physical disfigurement, emotional distress and mental anguish and has had her life span shortened. Ms. Sampsell has incurred and will continue to incur medical and health care related costs and expenses to treat her condition. Ms. Sampsell has been severely damaged in mind and in body and her enjoyment of life has been decreased and has been adversely effected and her

avocations, career and/or employment.

## COUNT II

## COUNT I - NEGLIGENCE

2.  Plaintiff repeats and realleges as if fully set forth herein, each allegation of jurisdiction and venue and factual background contained in the paragraphs directed at Merck & Co., Inc. and further alleges:

3.  The Defendant, MERCK, owed a duty of reasonable care in the testing, design, manufacture, distribution of this drug.   This duty of reasonable care of the Defendant included, but was not limited to, giving adequate, truthful, accurate and meaningful warning of foreseeable adverse side effects to patients and their doctors and that the Defendant knew or should have known in the exercise of reasonable care.

4. The Defendant was negligent and breached its duty in one or more of the following particulars or one in combination with the other caused or substantially contributed to Plaintiff's injuries.

(a)    Defendant'sTesting was inadequate because initial testing protocols did not include monitoring for foreseeable potential adverse side effects including osteonecrosis of the jaw.

(b)    Further, said Defendant failed to test   FOSAMAX in a reasonable manner in order to ascertain whether or not it was

safe and proper for the purpose for which it was designed, manufactured and sold

(c)    Notwithstanding the Defendant's knowledge of their inadequate testing that resulted in inadequate and faulty data, the Defendant marked the drug as reasonably safe for use by patients without warning or caution of foreseeable potential avoidable side effects including osteonecrosis.

    1.    The Defendant failed to advise or warn the foreseeable adverse side effects of taking FOSAMAX in conjunction with other drugs.

    2.    Merck prior to 2004 knew that there were 90 or more biphosphonate related cases of ONJ, some including FOSAMAX.  Merck did not warn its consumers of this danger until July, 2005.

    3.    Further, said Defendant failed to provide to all appropriate health care officials specifically health care providers in the dental community and oncology, that appropriate immediate precautions should be taken in the performance of dental work on patients who had been administered FOSAMAX and/or FOSAMAX in

combination with other medications including Aredia and Zometa.

4.   Said Defendant failed to provide to the dental profession reasonable prosthetic steps which should be taken to minimize the risks of the onset of osteonecrosis and prevent the acceleration of the disease in the jaw of patients who had taken FOSAMAX and/or taken FOSAMAX in combination with the administration of Aredia and Zometa.

5.   Further, Merck is guilty of negligence per se.  Merck violated the Federal Food Drug and Cosmetic Act 28 U.S.C. §301 and the Sherman Food, Drug and Cosmetic Law as well as other applicable laws, statutes and regulations.  Mercks acts and omissions constitute an alteration and or misbranding as defined by the Federal Food, Drug and Cosmetic Act, 21 U.S. §1331 et seq. This is negligence per se.

6.   Merck failed to meet the standard of care set forth by the following statutes and regulations.  Legislators enacted these statutes and regulations for the benefit of a specific

class of citizens. The Plaintiff, SAMPSELL, is a person who has specifically benefitted by the enforcement and compliance with the aforesaid act. Therefore Merck is negligent per se in the following respects: (a) the labeling lacked adequate information on the use of the drug FOSAMAX (21 CFR §201.56(a) and (d); (b) the labeling failed to provide adequate of severe and disabling medical conditions including without limitations, osteonecrosis of the jaw and other adverse medical conditions as soon as there as there was reasonable evidence of their association with the drug (21 CFR §201.57(e); (c) there was inadequate information for patients for the safe and effective use of Merck's drug (21 CFR §201.57(f) and (2); (d) there was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Merck's drug (21 CFR §201.57 (f)(2); and (e) the labeling was misleading and promotional (21 CFR §201.56 (b).

7.   Merck's negligence is a legal cause of Plaintiff's damages. Plaintiff has suffered osteonecrosis of the jaw.

## COUNT III

## STRICT LIABILITY

5.  Merck was and is engaged in the business of manufacturing, creating, designing, testing, labeling, sterilizing, packaging, supplying, marketing, selling advertising, warning, and otherwise distributing FOSAMAX in interstate commerce, and which it then sold and distributed throughout the world.  Therefore, Merck is a manufacturer of a product subject to strict liability.

6.  The Plaintiff, SAMPSELL, used FOSAMAX in a reasonably foreseeable manner and as prescribed.

7.  FOSAMAX reached the Plaintiff, SAMPSELL, without a substantial change in condition.

8.  The Plaintiff, SAMPSELL was not aware of and reasonably could not have discovered the specific danger of severe osteonecrosis associated with the use of FOSAMAX.

9.  FOSAMAX increased the risk of osteonecrosis of the jaw. FOSAMAX caused osteonecrosis of the jaw and/or FOSAMAX had an effect of precipitation and creation of conditions which cause osteonecrosis of the jaw, mandible or maxible bone among patients taking that drug.  As a result of the foregoing, FOSAMAX is an unreasonably dangerous and defective

product.

10.  This unreasonably and defective drug increased the risks of osteonecrosis of the jaw.  Plaintiff has suffered osteonecrosis of the jaw.

11.  Merck is strictly liable to the Plaintiff for damages.

WHEREFORE,  Plaintiff,  ANNIE  LAVERNE  SAMPSELL  seeks judgment against the Defendant, MERCK, for damages and such other relief as this court deem just and appropriate.  Plaintiff SAMPSELL demands trial by jury on all issues so triable.

MICHAEL E. SEELIE, P.A.


By _____

Michael E. Seelie
FBN: 243558
Attorney for
2468 Atlantic Blvd.
Jacksonville, FL 32207
(904)858-1895

FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2005 MAY 25 ₁P 12: 22

CLERK US DISTRICT COURT

In re:  Filing of Documents that Exceed
Twenty-Five Pages

_____/

Case No.  3:05-mc-20-J

**AMENDED**
**STANDING ORDER**

This Order amends and supercedes the Standing Order entered on April 27, 2005.

In order to facilitate the Court's review of certain documents, the judges of the

Jacksonville Division agree that parties should submit to chambers a courtesy copy of any

document filed electronically in the Jacksonville Division that exceeds twenty-five (25)

pages (including exhibits) in length.  Courtesy copies need not be provided simultaneously

with the electronic filing of the document.  However, they should be submitted as promptly

as possible and may be provided via United States Mail or other reliable service.

Accordingly, it is hereby **ORDERED**:

1.    A party who electronically files a document exceeding twenty-five (25) pages

(including exhibits) in length must provide a courtesy copy of the document

(including exhibits) in paper format to the assigned judge's chambers.

2.    In order to implement this requirement, the Clerk of the Court is directed to

file this Amended Standing Order in every new civil case filed in the

Jacksonville Division until further Order.  The Clerk of the Court is further

directed to file this Amended Standing Order in every pending civil case that

has been assigned one of the following Nature of Suit codes: 510, 530, 535, 540, 550 and 555.

3.     This Amended Standing Order is not applicable to criminal cases.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of May, 2005.

For the Court:

Harvey E. Schlesinger
United States District Judge

Henry Lee Adams, Jr.
United States District Judge

Timothy J. Corrigan
United States District Judge

Howell W. Melton
Senior United States District Judge

John H. Moore II
Senior United States District Judge

Howard T. Snyder
United States Magistrate Judge

Thomas E. Morris
United States Magistrate Judge

Monte C. Richardson
United States Magistrate Judge

Marcia Morales Howard
United States Magistrate Judge

Copies to:

Division Manager
DQA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

**ANNIE LAVERNE SAMPSELL,**

       Plaintiff,

**v.**                                                          **CASE NO. 3:08-cv-71-J-16TEM**

**MERCK & CO., INC., a foreign
corporation,**

       Defendant**.**

_____ /

## NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

TAKE NOTICE that, in accordance with Local Rule 3.05, this action is designated as a Track _Two_ Case.  Plaintiff is responsible for serving a copy of this notice and any attachments to this notice upon all other parties.  All parties must meet the requirements established in Local Rule 3.05 for cases designated on this track.

The parties shall utilize the revised case management report form attached to this notice in the preparation and filing of the Case Management Report.  The report is due to be filed within 14 days  following the Case Management Conference.

Dated:  January 23  2008                    SHERYL L. LOESCH, CLERK


By:     ____/s/ Virginia Flick_____
                           Deputy Clerk


*Distribution:*
    *Copies to Plaintiff [including removing defendant(s),*
        *habeas petitioner(s), and bankruptcy appellant(s)].*

./

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


**ANNIE LAVERNE SAMPSELL,**

       **Plaintiff,**

v.                                       **CASE NO. 3:08-cv-71-J-16TEM**

**MERCK & CO., INC., a foreign**
**corporation,**

       **Defendant.**

_____ /


**<u>CASE MANAGEMENT REPORT</u>**


      1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a conference was held on _____(date) at _____ (time) between:

          Name                                    Counsel for   (if applicable)




      2.    Fed.R.Civ.P. 26(a)(1), as amended, effective December 1, 2000, Pre-discovery Initial Disclosures:

      The parties (check one) _____have exchanged _____agree to exchange

information described in Fed. R. Civ. P. 26(a)(1) on or before _____ (date). Below  is a detailed description of information disclosed or scheduled for disclosure:




      3.    <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following Plaintiff's discovery plan:

          a.    Every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be presented by motion.  See paragraph 6 below.

(2) <u>Written Interrogatories:</u>

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below.

(3) <u>Requests for Production or Inspection:</u>

(4) <u>Oral Depositions:</u>

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed. R. Civ. P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

     c.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

     d.  <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before _____ (date).

    4.    <u>Discovery Plan - Defendant</u>:  The parties jointly propose the following Defendant's discovery plan:

     a.  Every discovery effort planned by Defendant is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

     (1) <u>Requests for Admission</u>:

     Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion.  See paragraph 6 below.

     (2) <u>Written Interrogatories</u>:

     Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be presented by motion.  See paragraph 6 below.

     (3) <u>Requests for Production or Inspection</u>:

(4) <u>Oral Depositions:</u>

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be presented by motion.  See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed. R. Civ. P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b.  <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

c.  <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

d.  <u>Completion of Discovery</u>:  Defendant will commence all discovery in time for it to be completed on or before _____ (date).

5.     <u>Joint Discovery Plan - Other Matters</u>:  Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

6.     <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report.  Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

Pursuant to Fed.R.Civ.P. 26(a)(1), as amended effective December 1, 2000, any objection as to the appropriateness of required Initial Disclosures shall be recorded in the case management report.

7.    <u>Third-Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>:  Parties agree that the final date for filing motions for leave to file third-party claims or motions to join parties should be _____ (this date must be *at least* 120 days prior to close of discovery); and that the final date for filing all potentially dispositive motions (for summary judgment or other) should be _____ (a date which is *at least* 60 days prior to the final pretrial conference).

8.    <u>Settlement and Alternative Dispute Resolution</u>.

a.    <u>Settlement:</u>  The parties agree that settlement is: (check one) ___ likely ___ unlikely.

b.    <u>Mediation:</u>    The Court will likely refer the case to Court-Annexed Mediation pursuant to Rule 9, Local Rules, M.D.Fla.  In order to give the parties an opportunity to express their views regarding the timing of such mediation, as well as a preference for the Certified Mediator (to be selected from the Court's List of Certified Mediators), the parties may file, within thirty (30) days from the date of filing this CMR, a notice (either jointly or individually) indicating a preference for the approximate date of the mediation conference and the name(s) of suggested Certified Mediator(s).  In the absence of such notice, the Court will select and appoint the Certified Mediator and will likely require that the mediation conference be held sixty (60) days prior to the final pretrial conference.

9.    Parties agree to consent to trial presided over by United States Magistrate Judge (which will afford the parties better opportunity for a "date certain" trial):

_____yes         _____no          _____likely to agree in future

If yes, the parties shall complete (through the portion for "Consent") and all counsel and/or unrepresented parties shall execute -- all signatures together on one form -- on the Form AO-85 attached hereto; submit the same to the Clerk; and the Court will promptly thereafter enter the "Order of Reference" portion and file the same in the record hereof.

10.    <u>Preliminary Pretrial Conference</u>:

If designated a <u>Track Three</u> case, Local Rule 3.05(c)(3)(B) provides that a preliminary pretrial conferences is mandatory, and the Court will *sua sponte* schedule and notice such conference.

[Note: If case was <u>not</u> designated Track Three but all counsel believe it should be such, plaintiff's counsel shall immediately contact the undersigned's Courtroom Deputy Clerk.]

If designated a <u>Track Two</u> case, the parties (check one) _____request _____do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order to address the following unresolved issues:

[Note: If no issues are specified here by the parties, no such conference will be scheduled.]

11.     <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after _____(date) and for trial on or after _____ _____(date).

This *(check one)*  [__] Jury   [__] Non-Jury    trial  is  expected to take approximately  __ _____ hours (including jury selection, if applicable).

12.     <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.     <u>Others Matters</u>:

Date: _____

Signatures  of  Counsel  [with  information required  by  Local  Rule  1.05(d)]  <u>and</u> Signature of Any Unrepresented Party

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

AO 85 (Rev. locally 5/99)   Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## Middle District of Florida

Plaintiff

v.                                                                          Case Number:

Defendant

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, you are hereby notified that a United States Magistrate Judge of this District Court is available to conduct any or all proceedings in this case, including a jury or bench trial, and to order the entry of a final judgment.   Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties voluntarily consent, as evidenced by execution of the Consent portion hereof, to the exercise of jurisdiction by a United States Magistrate Judge.

You may, without adverse substantive consequences, withhold your consent; but this will prevent the Court's jurisdiction from being exercised by a Magistrate Judge.   If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any Magistrate Judge or to the District Judge to whom the case has been assigned.   [*See* NOTE below.]

Appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit, in the same manner as an appeal from any other judgment of this District Court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial; order the entry of a final judgment; and conduct all post-judgment proceedings, as necessary.

| Signatures | Party Represented | Date Signed |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### ORDER OF REFERENCE

**IT IS HEREBY ORDERED that this case be referred to the assigned United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73, and the foregoing consent of the parties.**

_____           _____
        **Date**                                                 **United States District Judge**

**NOTE:  RETURN THIS FORM TO CLERK OF COURT ONLY IF ALL PARTIES HAVE SIGNED ON THIS FORM CONSENTING TO EXERCISE OF JURISDICTION BY A MAGISTRATE JUDGE.**

12/00

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


**ANNIE LAVERNE SAMPSELL,**

       Plaintiff,

**v.**                                          **CASE NO. 3:08-cv-71-J-16TEM**

**MERCK & CO., INC., a foreign**
**corporation,**

       Defendant**.**

_____ /


**ORDER ON INTERESTED PERSONS AND**
**CORPORATE DISCLOSURE**

      This Court makes an active effort to review each case in order to identify parties and

interested corporations in which the assigned District Judge may have an interest, as well as for other

matters that might require consideration of recusal.  It is therefore

      **ORDERED** that, within eleven days[1] from the date of this order (or from the date of

subsequent first appearance[2] in this action), each party, *pro se* party, governmental party, intervenor,

non-party movant, and Rule 69 garnishee *shall file and serve* a **CERTIFICATE OF INTERESTED**

**PERSONS AND CORPORATE DISCLOSURE STATEMENT**

substantially in the following form:


**[CAPTION OF CASE]**

_____

[1]Intermediate Saturdays, Sundays, and specified legal holidays are ***included*** in the computation of periods of eleven days or more.  *See* Fed. R. Civ. P. 6(a).  If this order was served by mail, add three days to the prescribed period.  Fed. R. Civ. P. 6(e).  Service by facsimile constitutes a method of hand delivery for the purpose of computing the time within which any response is required.  Local Rule 1.07(c).

[2]Every pleading or paper filed constitutes a general appearance of the party unless otherwise specified.  Local Rule 2.03(a)

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

I hereby disclose the following pursuant to this Court's Order on Interested Persons and Corporate Disclosure Statement:

1.)     the name of each person, attorney, association of persons, firm, law firm, partnership and corporation that has or may have an interest in a party to this action or in the outcome of this action, including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entitles related to a party.[3] [insert list]

2.)     the name of every other entity whose publicly-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings.[4] [insert list]

3.)     the name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or if no other creditors' committee the 20 largest unsecured creditors).[5] [insert list]

4.)     the name of each victim (individual and corporate), including every person who may be entitled to restitution.[6] [insert list]

5.)     Check one of the following:

            _____ a.       I certify that I am unaware of any actual or potential conflict of interest involving the District Judge and Magistrate Judge assigned to this case and will immediately notify the Court in writing upon learning of any such conflict.

                                            -or-

            _____ b.       I certify that I am aware of a conflict or basis of recusal of the District Judge or Magistrate Judge as follows: (explain)

---

[3]This disclosure is to be given in all cases.  A party should not routinely list an assigned District Judge or Magistrate Judge an an "interested person" absent some non-judicial interest.

[4]This disclosure is to be given in all cases.

[5]This disclosure is to be given in bankruptcy cases.

[6]This disclosure is to be given in criminal and civil cases.

[Date]

_____
[Counsel of record or *Pre Se* Party]
[Certificate of Service]                              [Address and Telephone]

It is **FURTHER ORDERED** that no party may seek discovery from any source before filing and serving a **certificate of interested persons and corporate disclosure statement**. A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served a **certificate of interested persons and corporate disclosure statement**.

## Conflicts Disclosure

The undersigned Judge has placed on *www.flmd.uscourts.gov* (click on "Judicial Information", then click on the name of the Judge, e.g., "Honorable John H. Moore II", then click on "Interest List") a list of investments, of which the Judge is aware, owned by family members of such Judge or by the Judge. This information is provided so that participants in this case will be able to advise the Court if there is any actual or apparent conflict of interest in the assignment of this case. This information is not to be used for any other purpose. It is anticipated that this list will be updated regularly. In addition to viewing the list on *www.flmd.uscourts.gov*, any party, counsel, or movant appearing in a case assigned to the undersigned Judge may view a copy of the list at the Clerk's Office in Jacksonville, Florida.[7]

_____

[7]Attention is directed to the Ethics Reform Act of 1989, published in Title 5 of the United State Code Annotated, Appendix 4, Sections 101-112, for information concerning the procedure for obtaining copies of the Financial Disclosure Report, and to II Guide to Judiciary Polocies and Procedures, Codes of Conduct for Judges and Judicial Employees, ch.I, Code of Conduct for United States Judges, Canon 3 and ch. V, Compendium of Selected Opinions, §3.1 (Administrative Office of the United States Courts 1999) for further information on recusable and non-recusable interests.

It is **FURTHER ORDERED** that each party has a continuing obligation to file and serve an amended CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT within eleven days of discovering any ground for amendment, for conflict of interest, for recusal, or for disqualification of the judicial officer.

Therefore, it is **FURTHER ORDERED** that in order to assist the Court in determining when a conflict of interest may exist, each party shall use the full caption of this case, including the names of all parties and intervenors, on all motions, memoranda, papers, and proposed orders submitted to the Clerk.  *See* Fed.R.Civ.P. 10(a); Local Rule 1.05 (b) (*"et al"* discouraged).


January 23, 2008

JOHN H. MOORE II
United States District Judge


Copies to:    Counsel of record
           *Pro Se* Parties

4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANNIE LAVERNE SAMPSELL,

      Plaintiff,

vs.                       CASE NO. 3:08-cv-71-J-16TEM

MERCK & CO., INC.,
a foreign corporation,

      Defendant.

_____

## ORDER OF RECUSAL

      The undersigned, finding that he should not participate in this case, hereby **recuses**

himself.

      **DONE AND ORDERED** at Jacksonville, Florida this  23rd  day of January, 2008.

*Thomas E. Morris*
_____
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Hon. Howard T. Snyder
United States Magistrate Judge

Hon. Monte C. Richardson
United States Magistrate Judge

Hon. James R. Klindt
United States Magistrate Judge

Counsel of Record

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| ANNIE LAVERNE SAMPSELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:08-cv-71-J-16MCR |
| | ) | |
| MERCK & CO., INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF MERCK & CO., INC. AND DEMAND FOR JURY TRIAL**

Defendant, Merck Co., Inc. ("Merck"), by and through its undersigned attorneys, hereby answers the Complaint. Merck denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

**COUNT I**
**I. INTRODUCTION**

1.     Merck denies each and every allegation of Paragraph I.1, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information, and states that it is without knowledge as to whether Plaintiff was prescribed or took FOSAMAX®.

**II. PARTIES**

a.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph II.a.

b.    Merck denies each and every allegation of Paragraph II.b., except that it admits that it is a corporation organized under the laws of the State of New Jersey and that it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.  Except as expressly admitted herein, Merck denies the remaining allegations in Paragraph II.b.

## III.  <u>JURISDICTION AND VENUE</u>

a.    The allegations of the first sentence of Paragraph a are conclusions of law to which no response is required.  To the extent a response is required, Merck denies each and every allegation of the first sentence of Paragraph III.a., except it admits, for jurisdictional purposes only, that Plaintiff seeks in excess of $75,000.  The allegations of the second sentence of Paragraph III.a. are conclusions of law to which no response is required.  To the extent a response is required, Merck denies each and every allegation of the second sentence of Paragraph III.a.

## IV.  <u>FACTUAL BACKGROUND</u>

a.    Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph a inconsistent with that prescribing information.  Merck respectfully refers the Court to the Physician's Desk Reference ("PDR" ) for FOSAMAX® for its actual language and full text.  Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph IV.a.

b.    Merck denies each and every allegation of Paragraph IV.b., except that Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication

2

approved by the FDA for prescription in accordance with its approved prescribing information.  Merck denies any allegations in Paragraph IV.b. inconsistent with that prescribing information.

      c.      Merck denies each and every allegation of Paragraph IV.c., except that Merck states that it is without knowledge as to whether Plaintiff was prescribed or used FOSAMAX®.

## COUNT II

## COUNT I – NEGLIGENCE

      2.      Merck repleads its answers to the above paragraphs, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

      3.      The allegations in Paragraph 3 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

      4.      Merck denies each and every allegation of Paragraph 4, including each and every allegation contained in subparts (a) through (c), inclusive of subparts (c)(1) through (c)(7).

## COUNT III

## STRICT LIABILITY

      5.      Merck denies each and every allegation of Paragraph 5, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information.

3

6.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6.

7.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7.

8.      Merck denies each and every allegation of Paragraph 8.

9.      Merck denies each and every allegation of Paragraph 9.

10.     Merck denies each and every allegation of Paragraph 10.

11.     Merck denies each and every allegation of Paragraph 11.

WHEREFORE, Merck denies that Plaintiff is entitled to the relief requested and respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter.  Merck, therefore, asserts said affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate.  Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Merck demands strict proof of all claims and allegations contained in Plaintiff's Complaint that Merck has not expressly admitted. Further answering and by way of additional defense, Merck states as follows:

4

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

SQUIRE, SANDERS & DEMPSEY L.L.P.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

SQUIRE, SANDERS & DEMPSEY L.L.P.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic react ions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

SQUIRE, SANDERS & DEMPSEY L.L.P.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

## <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

## <u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## <u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## <u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## <u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the product exceeded

SQUIRE, SANDERS & DEMPSEY L.L.P.

any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Florida Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic loss.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

SQUIRE, SANDERS & DEMPSEY L.L.P.

## <u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

## <u>FORTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## <u>FORTY-THIRD AFFIRMATIVE DEFENSE</u>

An asymptomatic plaintiff lacks standing because she has suffered no damages and no injury-in-fact.

## <u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u>

To the extent that Plaintiff asserts  claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## <u>FORTY-FIFTH AFFIRMATIVE DEFENSE</u>

The substantive law of Florida applies to Plaintiff's claims.

_____

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of

its Answer to assert any and all pertinent liability defenses ascertained through further

investigation and discovery.

Merck will rely on all defenses that may become available during discovery or

trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's

Complaint with prejudice and awarding Merck such other and further relief that the Court

may deem just and proper.

### **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

DATED:        February 19, 2008


Respectfully submitted,


/s/ Barbara Bolton Litten
Patricia E. Lowry
PLowry@ssd.com
Florida Bar No. 332569
Barbara Bolton Litten
BLitten@ssd.com
Florida Bar No. 0091642
Squire, Sanders & Dempsey L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Tel.:    561.650.7200
Fax:    561.655.1509

*Attorneys for Defendant Merck & Co., Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2008 a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice to Plaintiff's counsel:

> Meghan M. Tans
> Timothy M. O'Brien
> Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A.
> *Attorneys for Plaintiff*
> 316 South Baylen Street, Suite 600
> P.O. Box 12308
> Pensacola, FL 32591

> */s/   Barbara   Bolton   Litten*
> Barbara Bolton Litten

WESTPALMBEACH/522883.1

SQUIRE, SANDERS & DEMPSEY L.L.P.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.  3:08-cv-71-J-16MCR

ANNIE LAVERNE SAMPSELL,

     Plaintiff,

vs.

MERCK & CO., INC., a foreign
corporation,

     Defendant.

_____/

## **REPLY TO AFFIRMATIVE DEFENSES**

-

     Plaintiff, ANNIE LAVERNE SAMPSELL, replies to the Affirmative

Defenses raised in Defendant, MERCK & CO., INC.'s Answer to Complaint,

Affirmative Defenses as follows:

     1.    Plaintiff denies each and every affirmative defense raised in

Defendant's Answer and Affirmative Defenses and demands strict proof

thereof.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing

Response to Affirmative Defenses was served via electronic mail upon

Barbara Bolton Litten, Esq., SQUIRES, SANDERS & DEMPSEY, LLP, 1900

Phillips Point West, 777 South Flagler Drive, West Palm Beach, Florida,

33401 this 4th day of March, 2008.

**MICHAEL E. SEELIE, P.A.**


By   s/ Michael E. Seelie
          Michael E. Seelie
          FBN: 243558
          Attorney for
          2468 Atlantic Blvd.
          Jacksonville, FL 32207
          (904)858-1895

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.  3:08-cv-71-J-16MCR

ANNIE LAVERNE SAMPSELL,

     Plaintiff,

vs.

MERCK & CO., INC., a foreign
corporation,

     Defendant.

_____/

## NOTICE OF SERVICE OF NOTICE OF
## DESIGNATION UNDER LOCAL RULE 3.05

     Plaintiff, ANNIE LAVERNE SAMPSELL, hereby serves notice that the

Notice of Designation Under Local Rule 3.05, with Case Management Report

attached, is hereby served via electronic mail and via U.S. mail upon Barbara Bolton

Litten, Esq., SQUIRES, SANDERS & DEMPSEY, LLP, 1900 Phillips Point West,

777 South Flagler Drive, West Palm Beach, Florida, 33401 this 4th day of March,

2008.

                 **MICHAEL E. SEELIE, P.A.**


                 By_____s/ Michael E. Seelie_____
                     Michael E. Seelie
                     FBN: 243558
                     2468 Atlantic Blvd.
                     Jacksonville, FL 32207
                     (904)858-1895

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.  3:08-cv-71-J-16MCR

ANNIE LAVERNE SAMPSELL,

       Plaintiff,

vs.

MERCK & CO., INC., a foreign
corporation,

       Defendant.

_____/

## PLAINTIFF'S COMPLIANCE WITH COURT ORDER OF DISCLOSURE OF JANUARY 23, 2008

       Plaintiff, ANNIE LAVERNE SAMPSELL and MICHAEL E. SEELIE,

P.A., attorney at law, do hereby disclose and comply with this Court's Order

of January 23, 2008 by stating that:

1.     Plaintiff, ANNIE LAVERNE SAMPSELL and MICHAEL E. SEELIE,

      P.A., are the only known party Plaintiffs to this action and no other

      legal entities are related to Plaintiff, ANNIE LAVERNE SAMPSELL.

2.     This cause, however, has a companion case of ANNIE LAVERNE

      SAMPSELL, Plaintiff, vs. NOVARTIS PHARMACEUTICAL

      CORPORATION now pending in 3:06-md-01760, Judge Campbell,

      Magistrate Judge Brown in the United States District Court, Middle

District of Tennessee, Nashville Division.

3.      I therefore certify that I am aware of a conflict or basis of recusal of

Judge John A. Moore, II and Judge Moore has previous to this filing

recused himself from further proceedings in this action and a new

judge has been assigned.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

Plaintiff's Compliance with Court Order of Disclosure of January 23, 2008

was served via electronic mail upon Barbara Bolton Litten, Esq.,

SQUIRES, SANDERS & DEMPSEY, LLP, 1900 Phillips Point West, 777

South Flagler Drive, West Palm Beach, Florida, 33401 this 10th day of

March, 2008.

**MICHAEL E. SEELIE, P.A.**


By_____S/Michael E. Seelie____
            Michael E. Seelie
            FBN: 243558
            Attorney for
            2468 Atlantic Blvd.
            Jacksonville, FL 32207
            (904)858-1895

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |  |
|---|---|---|
| ANNIE LAVERNE SAMPSELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:08-cv-71-J-16MCR |
| | ) | |
| MERCK & CO., INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MERCK & CO., INC.'S**
**RULE 7.1 DISCLOSURE STATEMENT**

Defendant Merck & Co., Inc. ("Merck"), pursuant to Rule 7.1(a) of the Federal

Rules of Civil Procedure and to enable judges and magistrate judges of the Court to

evaluate possible disqualification or recusal, states that it has no parent companies and is

not aware of any beneficial owner of more than ten percent of its Common Stock.

DATED:       March 13, 2008

Respectfully submitted,

/s/ Barbara Bolton Litten
Patricia E. Lowry
PLowry@ssd.com
Florida Bar No. 332569
Barbara Bolton Litten
BLitten@ssd.com
Florida Bar No. 0091642
Squire, Sanders & Dempsey L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198
Tel.:    561.650.7200
Fax:    561.655.1509

*Attorneys for Defendant Merck & Co., Inc.*

SQUIRE, SANDERS & DEMPSEY L.L.P.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of March, 2008 a copy of the foregoing was

electronically filed with the Clerk of the Court using the CM/ECF system, which will

send a notice to Plaintiff's counsel:

> Meghan M. Tans
> Timothy M. O'Brien
> Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A.
> *Attorneys for Plaintiff*
> 316 South Baylen Street, Suite 600
> P.O. Box 12308
> Pensacola, FL 32591

> */s/ Barbara Bolton Litten*
> Barbara Bolton Litten

WESTPALMBEACH/523729.1

2

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk

USDC MD OF FLORIDA

Date: 2/27/08

In Re:    Fosamax

MDL     1789

Your Docket #

S.D. OF N.Y.

3:08-71

08-1864

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge    KEENAN      for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit
(212) 805-0646

A CERTIFIED TRUE COPY

FEB 1 9 2008

ATTEST _Dario B. Stewart_
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**08 CV 1864**

**JUDGE KEENAN**

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 3 1 2008

FILED
CLERK'S OFFICE

FLD
2/25/08
SDofNY

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION

MDL No. 1789

(SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-47)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006).  Since that time, 113 additional actions have been transferred to the Southern District of New York.  With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York.  The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof.  If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

FEB 1 9 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A CERTIFIED COPY
J. MICHAEL McMAHON,              **CLERK**

BY _Marcos Quintero_
DEPUTY CLERK

**IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION**    MDL No. 1789

### SCHEDULE CTO-47 - TAG-ALONG ACTIONS

<u>DIST.</u> <u>DIV.</u> <u>C.A. #</u>    <u>CASE CAPTION</u>

ALABAMA MIDDLE
~~ALM  2   08-51~~    ~~Martha Finley v. Merck & Co., Inc., et al.~~    Opposed 2/19/08

FLORIDA MIDDLE
    FLM  3   08-71    Annie Laverne Sampsell v. Merck & Co., Inc.

FLORIDA NORTHERN
    FLN  4   08-19    Claire Perry, et al. v. Merck & Co., Inc.